IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

v.

**JOY MCSHAN EDWARDS,**

**Defendant.**

Case No. 2:17-cr-170
CHIEF JUDGE EDMUND A. SARGUS, JR.

**OPINION AND ORDER**

Defendant Joy McShan Edwards is charged in a one-count indictment with witness retaliation, in violation of 18 U.S.C. § 1513(e). (ECF No. 12.) The Defendant now moves to dismiss the indictment, asserting that her alleged actions are protected under the First Amendment of the United States Constitution. This matter came before the Court for Oral Argument on December 1, 2017. For the reasons that follow, the Defendant's Motion to Dismiss is **DENIED**.

## I. BACKGROUND

### A. Procedural Background

On June 14, 2017, the Government filed a criminal complaint ("Complaint") against Defendant Joy McShan Edward, charging her with one-count of retaliating against a witness, in violation of 18 U.S.C. § 1513(e). (Compl., ECF No. 1.) On July 10, 2017, Defendant appeared before Magistrate Judge Deavers for a Preliminary Hearing. (ECF No. 5.) At the Preliminary Hearing, Defendant raised a concern regarding the application of the First Amendment to the statute at issue. Magistrate Judge Deavers directed the parties to submit briefs on the issue. (ECF No. 8.) The Government and Defendant subsequently submitted briefs on the applicability

of a First Amendment Challenge to 18 U.S.C. § 15134(e). (ECF Nos. 9, 10.) The Complaint was dismissed without a ruling on Defendant's Motion when Defendant was indicted on August 3, 2017, on one-count of retaliating against a witness in violation of 18 U.S.C. § 1513(e). This matter was then transferred to the Undersigned. On November 13, 2017, Defendant renewed the previously filed briefing as a Motion to Dismiss. (ECF No. 30.) On December 1, 2017, the Court held a Final Pretrial Conference and hearing on the Motion to Dismiss. (ECF No. 34.)

**B. Factual Background**

The criminal complaint filed in this case describes images of and statements about the Government's confidential informant ("CI 1"), who testified against Defendant's brothers in a separate federal criminal matter. The images and statements were allegedly posted on the purported Facebook account of Defendant. The Government alleges that beginning on May 11, 2017, the day the United States Probation Department released its presentence investigation of Defendant's brothers, Defendant began posting doctored photos of CI 1, depicting him on the witness stand and labeling him, among other terms, as a "snitch." (*see* Compl.)

Without admitting that she posted the controversial images and comments, Defendant claims that even if she did, her actions are protected by the First Amendment to the United States Constitution.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Criminal Procedure 12, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Courts are limited to resolving motions to dismiss without a trial only if they "involve[] questions of law instead of questions of fact on the merits of criminal liability." *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997). Accordingly, courts may

2

make preliminary factual findings necessary to decide questions of law raised, as long as the court's conclusions "do not invade the province of the jury." (*Id.*)

A defense raised in a motion to dismiss an indictment is "capable of determination if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Jones*, 542 F.2d 661, 665 (6th Cir. 1976) (citing *United states v. Covington*, 395 U.S. 57, 60 (1969)). On a motion to dismiss an indictment, "the [c]ourt must view the [i]ndictment's factual allegations as true, and must determine only whether the [i]ndictment is 'valid on its face.'" *United States v. Campbell*, Case No. 02-80863, 2006 U.S. LEXIS 16779, at *7 (E.D. Mich. April 6, 2006) (citing *Costello v. United States*, 350, U.S. 359, 363 (1956)).

### III. LAW AND ANALYSIS

The Defendant mounts both a facial and an as-applied challenge to 18 U.S.C. § 1513(e). In summary, the Court may consider the facial challenge as a pure question of law. The as applied challenge, at least in these circumstances, involves consideration of context and intent, necessarily implicating ultimate factual issues in contravention of Federal Rule of Criminal Procedure 12(b)(1).

**A. Facial Challenge**

To the extent Defendant asserts 18 U.S.C. § 1513(e) is unconstitutional on its face, the Court disagrees. The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech . . . ." U.S. Const. amend. I. A bedrock principle underlying the First Amendment is the protection of the "free trade in ideas," even if "society finds the idea itself offensive or disagreeable." *Virginia v. Black*, 538 U.S. 343, 358 (2003) (citing *Abrams v. United States*, 250 U.S. 616, 630 (1919); (*Texas v. Johnson*, 491 U.S. 397, 414 (1989)).

3

The protections afforded by the First Amendment, however, are not absolute. Courts have long recognized that the government may regulate certain categories of expression consistent with the Constitution. *Virginia,* 538 U.S. at 358 (citing *Chaplinsky v. New Hampshire*, 315 U.S. 568, 571–72 (1942)). For example, the First Amendment "permits 'restrictions upon the content of speech in a few limited areas, which are 'of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality." *Id.* at 358–59 (citing *R.A.V. v. City of St. Paul*, 505 U.S. 377, 382–83 (1992)). Indeed, "[w]ords often are the sole means of committing crime–think bribery, perjury, blackmail, fraud. Yet the First Amendment does not disable governments from punishing these language-based crimes . . . many of which pre-dated the First Amendment." *United States v. Jeffries*, 692 F.3d 473, 478 (6th Cir. 2012) (citing *United States v. Varani*, 435 F. 2d 758, 762 (6th Cir. 1970) ("speech is not protected by the First Amendment when it is the very vehicle of the crime itself.")).

Nor does the First Amendment protect "true threats," which "encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Virginia*, 538 U.S. at 360. The Government's prohibition on true threats exists to "protect individual from the fear of violence" and from "the disruption that fear engenders." *Id.* (citing *R.A.V.* 505 U.S. at 388). In *Virginia*, the Supreme Court reviewed a state statute prohibiting cross burning, which provided in relevant part:

> It shall be unlawful for any person or persons, with the intent of intimidating any person or group of persons, to burn, or cause to be burned, a cross on the property of another, a highway or other public place. Any person who shall violate any provision of this section shall be guilty of a Class 6 felony . . . Any such burning of a cross shall be *prima facie* evidence of an intent to intimidate a person or group of persons.

4

*Id.* at 348. The Court upheld the statute's prohibition on cross burning, but struck down the *prima facie* evidence provision as overbroad, finding criminalization without review of the context "blurs the line" between acts of intimidation and core political speech. *Id.* at 365. The Supreme Court thereafter held the statute did not "run afoul of the First Amendment insofar as it bans cross burning with intent to intimidate." *Id.* at 362.

Similarly, Congress enacted 18 U.S.C. § 1513(e) to protect witnesses, victims, and informants by prohibiting an individual from:

> knowingly, <u>with the intent to retaliate</u>, tak[ing] any action harmful to any person, including interference with the lawful employment or livelihood of any person, for providing to a law enforcement officer any truthful information relating to the commission or possible commission of any Federal offense. (Emphasis added).

18 U.S.C. § 1513(e); *United States v. Ferrugia*, 604 F. Supp. 668, 675 (E.D. N.Y. 1985) (noting the purpose of the Victim and Witness Protection Act of 1982, of which 18 U.S.C. § 1513(e) is a part, is "to strengthen existing legal protection for victims and witnesses of federal crimes," who cooperate with the prosecutor at their "own risk.") The statute, consistent with *Virginia*, criminalizes speech only upon proof that the defendant intended to retaliate against a witness. It is the scienter requirement of the statute that renders it constitutional.

From the plain language of the statute, the Government has the burden to prove beyond a reasonable doubt that (1) Defendant knowingly took an action with intent to retaliate against CI 1; (2) Defendant harmed CI 1; and (3) her retaliation was induced by CI 1's testimony against her brothers. 18 U.S.C. § 1513(e); *see also United States v. Stoker*, 706 F.3d 643, 646 (5th Cir. 2013). Because proving intent is a "difficult task", courts do not "require[] the government to produce a 'smoking gun' that explicitly reveals the contents of defendant's mind." *United States v. Camick*, 796 F.3d 1206, 1220 (10th Circuit 2015) (quoting *United States v. Ashley*, 606 F.3d

5

135, 140–41 (4th Cir. 2010). "Instead, intent 'may be proven via circumstantial evidence; in fact, it is rarely established by other means." *Id.* (quoting *United States v. Nguyen*, 413 F.3d 1170, 1175 (10th Cir. 2005).

Accordingly, the Court finds 18 U.S.C. § 1513(e) constitutional on its face.[1]

### B. As-Applied Challenge

Defendant also challenges the application of 18 U.S.C. § 1513(e) to her actions. For Defendant to prevail on her as-applied First Amendment challenge, she must demonstrate that the statute is unconstitutional as applied to her particular expressive activity. She asserts that her alleged Facebook posts are protected by the First Amendment because of their truth and because they did not contain overtly threatening speech.

The Government takes the position that Section 1513(e) is one of several statutory provisions that punishes language-based crimes, such as "true threats" or "fighting words." (Gov. Br. at 2, ECF No. 9.) The Government also contends that the speech at issue here was the very vehicle of the crime itself, similar to perjury, bribery or extortion. (*Id.* at 3.) At bottom, the Government posits that the posts on the social media website were threats intended by the Defendant to retaliate against CI-1 for cooperation with law enforcement, or otherwise "speech" that is unprotected under the First Amendment as "speech integral to criminal conduct."

Ultimately, determining whether Defendant's speech is protected by the First Amendment requires the Court to review the context of her alleged Facebook posts and her intent in posting the material. Federal Rule of Criminal Procedure 12(b) prohibits such finding

---

[1] Although legal authority is somewhat sparse, other courts have found 18 U.S.C § 1513(e) constitutional under the First Amendment. *United States v. Brown*, No. 2:15-cr-83-RMP-1, 2016 U.S. Dist. LEXIS 101218 (E.D. Wash. August 1, 2016); *United States v. Nursey*, Case No. 2:15-cr-112-WKW, 2015 U.S. Dist. LEXIS 154410 (M.D. Ala. Aug. 7, 2015); *United States v. Sergentakis*, No. 15-cr-33, 2015 U.S. Dist. LEXIS 77719 (S.D. N.Y. June 15, 2015).

6

on issues ultimately triable to a jury with regard to a criminal statute otherwise constitutional on its face.[2]

1. **Truth of the Statements**

Defendant contends that if she in fact posted the comments, she published only truthful statements on Facebook about CI-1 such that her speech is protected by the First Amendment. (Def.'s Br. at 17, ECF No. 10.) By way of this argument, Defendant, in effect, maintains that intent under Section 1513(e) may be inferred only if a person publishes false statements regarding a witness or informant. (*Id.*) The Court disagrees.

Other courts that have addressed the interplay between Section 1513(e) and the First Amendment look to the *context* of a defendant's actions. *See Sergentakis*, 2015 U.S. Dist. LEXIS 77719, at *14–15 (holding that defendant's accusations that the victim had engaged in child molestation and animal cruelty could be protected under the First Amendment in other contexts, but not in the witness retaliation case wherein they were "thinly veiled" revenge for victim's cooperation with investigation that led to defendant's guilty plea on other charges). In *Camick*, the Tenth Circuit upheld the conviction under 18 U.S.C. § 1513(e) for filing a false civil rights complaint against a federal witness. 769 F.3d at 1220. Although ultimately finding defendant's allegations false, the court found the context of the filed complaint more important than the true or false nature of the claim. *Id.* at 1222. The court explained,

> The truthfulness of Mr. Camick's factual allegations does not undermine the fact that the district court found the legal theories Mr. Camick advanced against Ms. Wattley nonmeritorious. In other words, even if Mr. Camick's allegation that Ms. Wattley filed an improper stolen vehicle report were true, a jury could still infer that his legal theories were so divorced from reality that he filed the Civil Rights Lawsuit not because he thought he might win on the merits, but because he

---

[2] The parties have waived trial by jury. The Undersigned will serve as the trier of fact. These same issues may be reasserted by the Defendant at the close of the Government's case under Federal Rule of Criminal Procedure 29.

7

intended to retaliate against Ms. Wattley by forcing her to defend against meritless claims.

*Id.*

Defendant also contends the intent to retaliate can only be inferred when a defendant "publishes false information regarding a witness or informant," and therefore the government cannot prove intent. (Def.'s Br. at 17.) As noted, not all true statements are protected by the First Amendment to the United States Constitution. Accordingly, determining whether the Government can prove intent to retaliate is inappropriate at this juncture.

### 2. Non-threatening Statements

Defendant also argues 18 U.S.C. § 1513(e) is unconstitutional as it applies to her statements because her statements were not overtly threatening. Indeed, the Court agrees Defendant's Facebook posts do not contain any overt calls to retaliate against CI 1 as set forth in the Complaint. Again, the context of Defendant's alleged Facebook posts is important to this matter, not the non-overtly threatening nature of the posts. The Government will be required to prove Defendant's specific intent to retaliate and evidence that her actions caused harm to CI 1. 18 U.S.C. § 1513(e).

A determination at this stage of the proceeding as to whether the Government has met its burden in proving intent is inappropriate under Federal Rule of Criminal Procedure 12(b). *United States v. White*, 610 F.3d 956, 962 (7th Cir. 2010) (reversing district court's dismissal of indictment for criminal solicitation based on the First Amendment because "[t]he existence of strongly corroborating circumstances evincing White's intent is a jury question.").

Similar to the instant matter, in *White*, the context of the defendant's online posts could not be determined by the court in a motion to dismiss the indictment. *Id.*; *see also United States v. Jones*, 542 F.2d 661, 664 (6th Cir. 1976) (A defense raised in a motion to dismiss an

8

indictment is "capable of determination if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense.").

In *White*, the defendant ran a white supremacy website. Following the criminal conviction of a fellow white supremacist, the defendant posted the foreman of the jury's personal information to his website, in a seemingly non-overtly threatening manner as follows:

> Gay anti-racist [Juror A] was a juror who played a key role in convicting Matt Hale. Born [date], [he/she] lives at [address] with [his/her] gay black lover and [his/her] cat [name]. [His/Her] phone number is [phone number], cell phone [phone number], and [his/her] office is [phone number].

*Id.* at 957–58. The Seventh Circuit concluded that whether or not the First Amendment protected the defendant's right to post personal information about Juror A turned on his intent in posting that information. *Id.* at 961. "If White's intent in posting Juror A's personal information was to request that one of his readers harm Juror A, then the crime of solicitation would be complete." However, if "White's intent was to make a political point about sexual orientation or to facilitate opportunities for other people to make such views known to Juror A, then he would not be guilty of solicitation because he did not have the requisite intent required for the crime." *Id.*

Accordingly, Defendant's Motion to Dismiss is **DENIED** subject to renewal under Federal Rule of Criminal Procedure 29 after the conclusion of the Government's case.

**IT IS SO ORDERED.**

12-7-2017
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**