# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

           Plaintiff,    :       Case No. 2:17-cr-170
                                     Also 2:19-cv-5340

                                     District Judge Edmund A. Sargus, Jr.
- vs -                              Magistrate Judge Michael R. Merz

JOY McSHAN EDWARDS,

           Defendant.    :

## REPORT AND RECOMMENDATIONS

This is an action under 28 U.S.C. § 2255 brought *pro se* by Defendant Joy McShan Edwards to obtain relief from her conviction in this Court on one count of retaliation against a witness. The matter is ripe for decision on the Motion to Vacate (ECF No. 67), the Government's Response (ECF No. 69) and Defendant's Reply (ECF No. 70).

**Litigation History**

Defendant was indicted August 3, 2017, and charged with one count of violating 18 U.S.C. § 1513(c) by taking harmful action against a cooperating witness for providing truthful information to a law enforcement officer relating to the commission of a federal criminal offense. (ECF No. 12.) Defendant waived her right to a jury trial (ECF No. 35) and the case was tried to the bench

on December 11, 2017 (Minute Entry, ECF No. 37). On January 17, 2018, the Court found Defendant guilty (Opinion and Order, ECF No. 40). After considering a presentence investigation report, the Court sentenced Defendant on May 25, 2018 (ECF No. 48). Defendant appealed to the Sixth Circuit which affirmed her conviction. *United States v. Edwards*, 783 Fed. Appx. 540 (6th Cir. Aug. 16, 2019)(unpublished; copy at ECF No. 62). Although she sought bail pending a petition for certiorari (ECF No. 64), the Court has received no notice that such a petition was filed and the time for doing so has now expired. Defendant filed her Motion to Vacate December 4, 2019, pleading one ground for relief, to wit, that she received ineffective assistance of appellate counsel in that

> Appellate Counsel failed to raise a 1st Amendment/overbreadth challenge to the witness retaliation statute under which Defendant was convicted. This issue was amply preserved in the trial court, and was included in the subject headings of the brief; however no argument in the appellate briefs was made in support of the overbreadth challenge that prior trial counsel had made. The Sixth Circuit explicitly noted in its opinion that the appeal failed to brief the 1st Amendment/overbreadth issue. This issue had merit and a reasonable likelihood of modifying the outcome on appeal; thus Defendant was prejudiced by its omission. Ms. Edwards incorporates the argument in support of her 1st Amendment/overbreadth challenge as set forth in Document #10 of this matter.

(Motion, ECF No. 64, PageID 397.

## Analysis

In her Motion, Defendant relies on the argument made on her behalf by trial counsel to show that the First Amendment/overbreadth argument had merit. That argument was essentially

that he allegedly offending posts on Facebook were either truthful or expressions of her opinion of the cooperating witness, D.B. (ECF No. 10; incorporated by reference in Motion to Dismiss the Indictment, ECF No. 30). The Court read Defendant's Motion as raising both a facial and an as-applied challenge to the statute (Opinion and Order, ECF No. 36, PageID 157). It found the statute was not facially overbroad (*Id.* at PageID 160), but deferred ruling on the as-applied challenge until factual development of context at trial. *Id.* at PageID 163. Defendant renewed her First Amendment argument in her motion for judgment of acquittal at trial and the Court denied it. *Id.* at PageID 174, relying on *Virginia v. Black,* 538 U.S. 343 (2003).

Defendant's claim in her Motion to Vacate is that this issue should have been pursued on appeal and indeed that it was ineffective assistance of appellate counsel to fail to do so. She cites no case law in her Motion to show that the claim would have been successful if it had been raised. The Government's Answer notes this omission and cites controlling Supreme Court precedent to the effect that effective appellate counsel need not raise every possible arguable claim (ECF No. 69, PageID 411, citing *Jones v. Barnes*, 463 U.S. 745 (1983), and *Coleman v. Mitchell*, 268 F.3d 417, 430-31 (6th Cir. 2000).

In her Reply, Edwards notes that the Sixth Circuit, in the context of denying her void-for-vagueness claim, found that the language of the statute "potentially sweeping." *Edwards*, 783 Fed. Appx. at 545. However the court also wrote "Edwards abandoned her First Amendment overbreadth claim on appeal. Nothing in this opinion should be construed to comment on whether § 1513(e) is overbroad or violative of the First Amendment. That issue was neither brought nor briefed before us." *Id.* at note 3. But the note explicitly disclaims any comment on a First Amendment issue and certainly does not suggest such a claim would have been successful. Edwards argues the issues actually briefed were not very strong because they were unavailing, but that does not imply the First Amendment overbreadth claim would have been stronger.

3

Edwards disagrees with the Government's reliance on *McFarland v. Yukins*, 356 F. 3d 688, 699 (6th Cir.2004), for the proposition that there must be clear existing authority in support of an omitted claim of error (Reply, ECF No. 70, PageID 415). *McFarland* does hold that failure to raise an issue can amount to ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *McFarland, citing Greer v. Mitchell,* 264 F.3d 663, 676 (6th Cir. 2001); *Joshua v. Dewitt,* 341 F.3d 430, 441 (6th Cir. 2003); *Lucas v. O'Dea*, 179 F.3d 412, 419 (6th Cir. 1999); and *Mapes v. Coyle,* 171 F.3d 408, 427-29 (6th Cir. 1999). Counsel can be ineffective by failing to raise a "dead-bang winner," defined as an issue which is obvious from the trial record and which would have resulted in a reversal on appeal, even if counsel raised other strong but unsuccessful claims. *Mapes, supra, citing Banks v. Reynolds*, 54 F. 3d 1508, 1515 n. 13 (10th Cir. 1995); see also *Page v. United States*, 884 F. 2d 300, 302 (7th Cir. 1989).

"In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show errors so serious that counsel was scarcely functioning as counsel at all and that those errors undermine the reliability of the defendant's convictions." *McMeans v. Brigano*, 228 F.3d 674(6th Cir. 2000), citing *Strickland v. Washington,* 466 U.S. 668 (1984), and *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). "Counsel's performance is strongly presumed to be effective." *McFarland, quoting Scott v. Mitchell*, 209 F.3d 854, 880 (6th Cir. 2000)(*citing Strickland*). "To prevail on a claim of ineffective assistance of appellate counsel, a petitioner must show that appellate counsel ignored issues [which] are clearly stronger than those presented." *Webb v. Mitchell,* 586 F.3d 383, 399 (6th Cir. 2009); *Smith v. Robbins*, 528 U.S. 259, 288 (2000), *quoting Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986).

But Edwards cites no case authority from the Sixth Circuit or any other court to show that her overbreadth claim was stronger than the claims actually raised or that are contrary to the authority this Court relied on in denying her motions to dismiss and for acquittal. To put it a different way, even if it was deficient performance to fail to raise and brief the overbreadth issue, Edwards has not shown prejudice because she has not shown a reasonable probability that the outcome would have been different. Yes, as this Court and the Sixth Circuit acknowledged, the issue is significant and arguable, but that does not mean it would probably have succeeded.

An appellate attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones* at 751-752 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id.* Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). *Williams v. Bagley,* 380 F.3d 932, 971 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005); see *Smith v. Murray*, 477 U.S. 527 (1986). "Only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of [appellate] counsel be overcome." *Dufresne v. Palmer*, 876 F.3d 248 (6th Cir. 2017), quoting *Fautenberry v. Mitchell*, 515 F.3d 614, 642 (6th Cir. 2008).

Edwards has simply not shown that the omitted issue is stronger than the issues raised and argued.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Motion to Vacate be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 4, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.