IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

      Plaintiff,    :   Case No. 2:17-cr-170
                 Also 2:19-cv-5340

                 District Judge Edmund A. Sargus, Jr.
  - vs -           Magistrate Judge Michael R. Merz

JOY McSHAN EDWARDS,

      Defendant.   :

## DECISION AND ORDER

  This is an action on a Motion to Vacate under 28 U.S.C. § 2255 brought *pro se* by Defendant Joy McShan Edwards to obtain relief from her conviction in this Court on one count of retaliation against a witness. Magistrate Judge Michael R. Merz, to whom this case was referred, filed a Report and Recommendations recommending that the Motion to Vacate be denied (ECF No. 72). Defendant has now filed Objections to the Report (ECF No. 73).

  As required by Fed.R.Civ.P. 72(b), the Court has reviewed *de novo* each portion of the Report to which specific objection has been made and rules on the Objections herein.

  As the Report notes, Defendant was indicted on one count of violating 18 U.S.C. § 1513(c) by taking harmful action against a cooperating witness for providing truthful information to a law enforcement officer relating to the commission of a federal criminal offense. (ECF No. 12.) The case was tried to the bench and Defendant was found guilty in a written decision a month after the

1

trial. *United States v. Edwards,* 2017 U.S. Dist. LEXIS 201968 (S.D. Ohio Dec. 7, 2017)(copy at ECF No. 40)("*Edwards I*").  Defendant appealed, but the Sixth Circuit affirmed.  *United States v. Edwards*, 783 Fed. Appx. 540 (6th Cir. Aug. 16, 2019)(unpublished; copy at ECF No. 62)("*Edwards II"*.  In her Motion to Vacate, Defendant pleads one claim of ineffective assistance of appellate counsel:

> Appellate Counsel failed to raise a 1st Amendment/overbreadth challenge to the witness retaliation statute under which Defendant was convicted. This issue was amply preserved in the trial court, and was included in the subject headings of the brief; however no argument in the appellate briefs was made in support of the overbreadth challenge that prior trial counsel had made. The Sixth Circuit explicitly noted in its opinion that the appeal failed to brief the 1st Amendment/overbreadth issue. This issue had merit and a reasonable likelihood of modifying the outcome on appeal; thus Defendant was prejudiced by its omission. Ms. Edwards incorporates the argument in support of her 1st Amendment/overbreadth challenge as set forth in Document #10 of this matter.

(Motion, ECF No. 64, PageID 397.

Applying *Strickland v. Washington,* 466 U.S. 668 (1984), in the context of ineffective assistance of appellate counsel claims, the Report concluded that Defendant had not shown this omitted First Amendment/overbreadth claim was stronger than claims actually raised on appeal or that it would have been successful.  The Magistrate Judge therefore recommended the Motion to Vacate be denied and that Defendant be denied a certificate of appealability (Report, ECF No. 72, PageID 423-24).

## Analysis

In her Objections, Defendant cites a number of federal cases that have considered the statute under which she was convicted. 18 U.S.C. § 1513(c). Most of them were cited to the Court when it considered her motion to dismiss.

After citing those cases, she admits "Because the courts have never substantively considered this issue, there is no controlling case law to cite." (Objections, ECF No. 73, PageID 426. She continues: "However, the plain language of the act so obviously contradicts basic constitutional principles that an appeal would almost certainly succeed. The statute does not require any proof of speech. It does not require proof of a true threat, of defamatory content, or incitement." *Id.*

As the Court construed the statute in denying Ms. Edwards' facial challenge, the Government was required to prove "beyond a reasonable doubt that (1) Defendant knowingly took an action with intent to retaliate against CI 1; (2) Defendant harmed CI 1; and (3) her retaliation was induced by CI 1's testimony against her brothers." *Edwards I* at *7. At trial the Government proved to the Court's satisfaction. a jury having been waived, that Ms. Edwards took several actions by way of posting material on Facebook, that she intended to harm CI 1 in doing so by exposing him to obloquy by disclosing his role as a government witness against her brothers, and that her actions harmed CI 1 in the way that she intended (Decision and Order, ECF No. 40).

The Court agrees with Defendant that 18 U.S.C. § 1513(c) does not require proof of speech, although Ms. Edwards' Facebook posts constitute speech for First Amendment purposes. The Court also agrees the statute does not require proof of a "true threat," "defamatory content or incitement." But those constructions of the statute do not render it unconstitutional. As the Court

3

has previously noted, the Supreme Court held the burning of a cross with intent to intimidate could be criminalized. *Edwards I* at *4, citing *Virginia v. Black*, 538 U.S. 343, 358, 123 S. Ct. 1536, 155 L. Ed. 2d 535 (2003).

Defendant relies on *NAACP v. Claiborne Hardware Co.,* 458 U.S. 886 (1982), which held that speech intended to cause economic harm to others by way of an economic boycott to discourage racially discriminatory practices was protected speech. In that case the Supreme Court overturned a judgment of the Supreme Court of Mississippi which held all participants in an economic boycott liable for violent actions taken by some participants. The purpose of the boycotters was not in any way to retaliate against the boycotted merchants for providing assistance to federal law enforcement.

Defendant relies on *FEC v. Wisconsin Right to Life, Inc.,* 551 U.S. 449 (2007), for the proposition that "under well accepted First Amendment doctrine, a speaker's motivation is entirely irrelevant to the question of constitutional protection." *Id.* at 468. The Court was quoting Martin Redish, Money Talks: Speech, Economic Power, and the Values of Democracy 91 (2001), on the danger of using the ad purchaser's intent to draw a line between protected and unprotected campaign ads under the Bipartisan Campaign Reform Act of 2002. Ultimately the Court found the ads by Wisconsin Right to Life were constitutionally protected and the BCRA as applied to them unconstitutional.

Neither case supports the proposition that Congress may not constitutionally punish persons for retaliating against witnesses in federal criminal prosecutions.

The Supreme Court has held that

> imprecise laws can be attacked on their face under two different doctrines. First, the overbreadth doctrine permits the facial invalidation of laws that inhibit the exercise of First Amendment rights if the impermissible applications of the law are substantial

4

> when "judged in relation to the statute's plainly legitimate sweep." *Broadrick v. Oklahoma*, 413 U.S. 601, 612-615, 37 L. Ed. 2d 830, 93 S. Ct. 2908 (1973). Second, even if an enactment does not reach a substantial amount of constitutionally protected conduct, it may be impermissibly vague because it fails to establish standards for the police and public that are sufficient to guard against the arbitrary deprivation of liberty interests. *Kolender v. Lawson*, 461 U.S. 352, 358, 75 L. Ed. 2d 903, 103 S. Ct. 1855 (1983).

*City of Chicago v. Morales*, 527 U.S. 421 (1999). Edwards' attack is based on the overbreadth doctrine, but she has not shown that 18 U.S.C. § 1513(c) reaches "a substantial amount of constitutionally protected conduct." In other words she has not shown or even suggested what conduct that was intended to retaliate against a witness and actually had that effect would be constitutionally protected.

Many acts which involve only speech can be criminalized: extortion, bribery, witness intimidation, perjury. The fact that Defendant's acts were speech acts does not bring them within the protection of the First Amendment. To use the most famous example from First Amendment jurisprudence, falsely crying "fire" in a crowded theater, though it involves only speech, is not protected. *Schenck v. United States*, 249 U.S. 47 (1919)(Holmes, J.).

In sum, Defendant has not shown that her omitted issue on appeal – that 18 U.S.C. § 1513(c) is unconstitutionally overbroad – has any merit. Therefore it was not ineffective assistance of appellate counsel to fail to raise that claim.

Defendant also objects to denial of a certificate of appealability. However, while the question of whether the statute is constitutional under the First Amendment is itself arguable, the Magistrate Judge's conclusion that it would not have been any stronger than the issues actually raised on appeal is not debatable among reasonable jurists – Edwards cites no jurist who holds the

5

contrary view. She has therefore not met her burden of proving entitlement to a certificate of appealability.

**Conclusion**

In accordance with the foregoing analysis, Magistrate Judge's Report is ADOPTED and Defendant's Motion to Vacate is DENIED. Pursuant to Fed.R.Civ.P. 58, the Clerk shall enter a separate judgment to that effect.

Because reasonable jurists would not disagree with this conclusion, Defendant is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 13, 2020

                                                  s/Edmund A. Sargus, Jr.
                                                  United States District Judge